IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FPA5 ENCORE LLC d/b/a THE
MILLE BROOKHAVEN,

        Plaintiff,

    v.

CHANTEL MCFALL and All Other
Occupants,

        Defendant.

CIVIL ACTION FILE NO.

1:18-CV-04286-TWT-JFK

## **FINAL REPORT AND RECOMMENDATION**

The above-styled case is before the undersigned on Defendant Chantel McFall's application to proceed *in forma pauperis*.  [Doc. 1].  The court, for the purpose of remand, **GRANTS** Defendant's motion.  The court has the responsibility "to review the Defendant's notice of removal to determine whether it meets the requirements of the statute."  Alabama v. Baker, 222 F. Supp. 2d 1296, 1297-98 (M.D. Ala. 2002).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," 28 U.S.C. § 1447(c) (amended 2011) requires that "the case shall be remanded."  Upon making this review, the court finds that it does not and recommends remand.

## I.     Background Facts

Plaintiff FPA5 Encore LLC, d/b/a, The Mille Brookhaven, the owner of real property commonly known as 1000 Barone Avenue 5314, Brookhaven, Georgia 30329, filed a dispossessory proceeding in the Magistrate Court of DeKalb County, Georgia, on or about August 17, 2018, against Defendant Chantel McFall and all other occupants for failure to pay rent which is now past due.   [Doc. 1-1 at 10 ("Dispossessory Proceeding")].   On September 11, 2018, Defendant McFall filed a notice of removal.   [Doc. 1-1 ("Removal")].

## II.    Discussion

Twenty-eight U.S.C. § 1441(a) provides that "any action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).   However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."   28 U.S.C. § 1447(c).   See also Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1244 (2006) (all federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party").   "[I]n removal

2

cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Defendant bases her petition for removal of Plaintiff's dispossessory proceeding on the court's federal question and references a litany of citations to other federal statutes. [Removal]. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. . . . The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 107 S. Ct. 2425, 2429 (1987) (citations omitted). Potential defenses involving the Constitution or laws of the United States are ignored. Beneficial Nat'l Bank v. Anderson, 123 S. Ct. 2058, 2062 (2003).

In the present case, Plaintiff relied exclusively on state law when filing the dispossessory action in the Magistrate Court of DeKalb County. [Dispossessory Proceeding]. A dispossessory action is brought pursuant to O.C.G.A. § 44-7-50. See Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010); Ikomoni

v. Executive Asset Management, LLC, 309 Ga. App. 81, 84, 709 S.E.2d 282, 286 (March 16, 2011) ("'The *exclusive* method whereby a landlord may evict a tenant is through a properly instituted dispossessory action filed pursuant to OCGA § 44-7-50 *et seq.*'") (citation omitted) (emphasis added); see also Fennelly v. Lyons, 333 Ga. App. 96, 100, 775 S.E.2d 587, 592 (2015) (same).  "This is an action for possession of premises and past due rent, which are decidedly state-law claims."  Retreat LLC v. Chisolm, 2018 WL 3080085, at *4 (N.D. Ga. May 23, 2018), report and recommendation adopted by, 2018 WL 3067843 (N.D. Ga. June 20, 2018).  Defendant alleges that removal is proper on the basis of federal question jurisdiction, and in the Notice of Removal, she generally claims that Plaintiff violated the United States Constitution and other federal laws in bringing the dispossessory action.  [Removal].  However, no federal question is presented on the face of Plaintiff's well-pleaded complaint.  [Dispossessory Proceeding].

And, contrary to Defendant's argument [Removal at 2-3], Plaintiff's right to relief does not depend on resolution of a question of federal law but, only, as noted, on the application of state law pursuant to O.C.G.A. § 44-7-50.  In the absence of any reference to federal law, statutes or regulations on the face of Plaintiff's dispossessory proceeding, Defendant's vague and conclusory allegations are insufficient to trigger

4

federal question jurisdiction.  See Butler v. Morgan, 562 Fed. Appx. 832, 834 (11th Cir. 2014) ("'[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law.'") (citation omitted); Wyke v. Polk County School Bd., 129 F.3d 560, 566 (11th Cir. 1997) ("Absent diversity of citizenship, a [removing defendant] must present a 'substantial' federal question in order to invoke the district court's jurisdiction."); Haxton v. State Farm Mutual Automobile Ins. Co. Bd. of Directors, 2014 WL 3586550, at *5 (N.D. Fla. July 21, 2014) ("This rule permits federal question jurisdiction only when a federal question is presented on the face of a properly pleaded complaint.") (citations and internal quotation marks omitted).

Likewise, Defendant's reliance on 28 U.S.C. § 1443 does not establish federal question jurisdiction.  [Removal at 5-6].  Section 1443 provides for removal when a person is denied or cannot enforce in state courts "a right under any law providing for the equal civil rights of citizens" or "any act under color of authority derived from any law providing for equal rights . . . ."  28 U.S.C. § 1443. Defendant seeks to assert jurisdiction apparently based on conclusory allegations simply reciting this statutory provision.  The court finds that Defendant's general allegations fall far short of that necessary to establish § 1443 jurisdiction.  Under § 1443(1), a removal petition "must satisfy a two-pronged test." Johnson v. Mississippi, 421 U.S. 213, 219 (1975); see also

5

Kopec v. Jenkins, 357 Fed. Appx. 213, 214 (11th Cir. 2009).  First, a petitioner must show the deprivation of a right that "arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'"  Johnson, 421 U.S. at 219 (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)).  Second, the deprivation generally must "be manifest in a formal expression of state law."  Id. at 219-20 (quoting Rachel, 384 U.S. at 803) (internal quotation marks omitted).  Allegations of § 1443 jurisdiction on the vague and conclusory grounds presented by Defendant herein have been found insufficient to establish this court's removal jurisdiction in dispossessory proceedings. See Snellings v. Smith, 2017 WL 1396172, at *2 n.3 (N.D. Ga. April 19, 2017) (finding general allegation of denial of fair housing rights insufficient under § 1443 to remove dispossessory action); Broadstone Maple, LLC v. Onna, 2016 WL 4473126, at *1 n.1 (N.D. Ga. August 24, 2016) (rejecting general claims of bias of state court judges as sufficient pursuant to § 1443 to remove dispossessory action); American Homes 4 Rent Properties Two, LLC v. Boyd, 2016 WL 1572953, at 2 n.4 (N.D. Ga. April 19, 2016) (finding general allegations of violations of fundamental constitutional rights insufficient to establish § 1443 jurisdiction to remove dispossessory action).

Finally, there is also no evidence which warrants the application of an exception to the well-pleaded complaint rule, such as the doctrine of complete preemption. Caterpillar, 107 S. Ct. at 2430.

Furthermore, there is no evidence that Defendant could establish jurisdiction based on diversity.  To do so, Defendant would have to show that there is complete diversity of citizenship between Defendant and Plaintiff and that the amount in controversy exceeds $75,000.00.  See 28 U.S.C. § 1332(a)(1).  Defendant offers no evidence of diversity of citizenship.  In fact, on the Civil Cover Sheet, Defendant indicates that she and Plaintiff are citizens of the State of Georgia.  [Doc. 1-2].  And, as to damages, Plaintiff's dispossessory proceeding seeks the ejectment of Defendant from the property due to failure to pay past due rent of approximately $820.00 and rent accruing at the rate of $1,525.00 per month to the date of judgment or vacancy with other fees and costs of the action totaling less than $1,000.00.  [Dispossessory Proceeding].  Again, the court looks to Plaintiff's claim to determine whether removal jurisdiction is appropriate.  See Burns, 31 F.3d at 1095; Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001).  The face of the complaint shows that the amount in controversy does not exceed the $75,000.00 required for the court to have diversity jurisdiction as a basis for removal.

For these reasons, the court finds that federal jurisdiction does not exist and that this action should be remanded pursuant to 28 U.S.C. § 1447(c).

To the extent that Defendant seeks a stay of the dispossessory proceedings and/or eviction, she is not entitled to a stay.  See American Homes 4 Rent Properties

Eight, LLC v. Dynott, 2015 WL 5920130, at *2 & n.4 (N.D. Ga. October 8, 2015) (denying the defendant's motion to stay state court dispossessory proceedings as moot because court lacked subject-matter jurisdiction and noting that, "[e]ven if subject-matter jurisdiction existed, the Court [would be] unable to grant Defendant the relief he seeks - a stay of state court eviction proceedings - because a federal court is prohibited under the Anti-Injunction Act . . . from enjoining a state court eviction proceeding"); U.S. Bank National Ass'n v. Sanders, 2015 WL 1568803, at *3 (N.D. Ga. April 7, 2015) ("Because this action is required to be remanded, Defendant's . . . Motion to Stay . . . [should be] denied."); and see CF Lane, LLC v. Stephens, 2014 WL 1572472, at *2 (N.D. Ga. April 17, 2014) ("this Court cannot enjoin a state court action for eviction").

## III.   Conclusion

Accordingly, because Defendant McFall failed to demonstrate any lawful basis for removal of this action to this court, **IT IS RECOMMENDED** that this action be **REMANDED** to the Magistrate Court of DeKalb County where it was last pending.

All pretrial matters have been concluded with the issuance of this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1), this Court's Local Rule 72.1, and Standing Order 18-01 (N.D. Ga. February 12, 2018). The Clerk, therefore, is **DIRECTED** to terminate the reference to the Magistrate Judge.

AO 72A
(Rev.8/82)

**SO RECOMMENDED**, this 12th day of September, 2018.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)